UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SHOTWELL, LEONARD WAGNER
BARBARA KABETH, JAMES PERO,
CHARLES YOUNG, GARY LOCKHART,
ROBERT MOORE, and JOSEPH DANIELS
on behalf of themselves and a class
of persons similarly situated,

   Plaintiffs,

v.

OWENS CORNING, a Delaware corporation,

   Defendant.

Case No. 2:07-cv-13673

Hon. Marianne O. Battani

**CLASS ACTION**

_____/

Roger J. McClow (P27170)
Kimberly A. Saks (P70705)
KLIMIST, McKNIGHT, SALE,
 McCLOW & CANZANO, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650

Attorneys for Plaintiffs

Craig M. Stanley (P58714)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000

Attorneys for Defendant

_____/

**<u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

Plaintiffs, by their undersigned attorneys, on behalf of themselves and a class of all persons similarly situated, move pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure for certification of this retiree health care benefits case as a class action. In support of this Motion, Plaintiffs state as follows:

1.      The proposed Class consists of approximately 45 retirees, spouses and surviving spouses of retirees of Defendant's closed Wolverine Coil Coating ("Wolverine Coil") facilities in Lincoln Park, Michigan.

2.      Members of the proposed Class have vested health care benefits under the terms of successive collective bargaining agreements and the 1999 plant closing agreement between Wolverine Coil and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 985 ("UAW").

3.      Effective January 1, 2004, Defendant modified the health care benefits plan covering members of the proposed Class. The changes affect all of the members of the proposed Class.

4.      The named Plaintiffs seek certification of the following Class:

Group 1 - Retirees who are former production and maintenance employees of Wolverine Coil at its Lincoln Park, Michigan facility who were employed under the collective bargaining agreement between Wolverine Coil and the UAW and who retired under the hourly employee pension plan.

Group 2 - Spouses of a Retiree who retired on or after May 1, 1995.

5.      The named Plaintiffs are members of the proposed Class.

6.      In their Complaint, Plaintiffs assert that the members of the proposed class are entitled to vested, fully paid lifetime health care benefits pursuant to the terms of the collective bargaining agreements and the 1999 plant closing agreement and that Defendant has breached the collective bargaining agreements and violated the terms of a welfare benefit plan under the Employee

2

Retirement Income Security Act (ERISA) by modifying the health care benefits members of the Proposed Class.

7.     The proposed Class is so numerous that joinder of all members is impracticable.

8.     There are questions of law and fact common to the proposed Class.

9.     The claims of the individual Plaintiffs are typical of the claims of the proposed Class.

10.    The Plaintiffs will fairly and adequately protect the interests of the proposed Class.

11.    The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of performance for Defendant.

12.    Defendant has modified the health care benefits plan on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

13.    This Motion is based on the records and files in this action and the attached Brief and Affidavits.

WHEREFORE, Plaintiffs respectfully ask this Court to enter an order under Rule 23(c) of the Federal Rules of Civil Procedure certifying that this action may be maintained as a class action and designating Plaintiffs as class representatives.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:_____/s/ Roger J. McClow_____
    Roger J. McClow (P27170)
    Kimberly A. Saks (P70705)
    Attorneys for Plaintiffs
    400 Galleria Officentre, Suite 117
    Southfield, MI 48034
    (248) 354-9650
    rmcclow@kmsmc.com
    ksaks@kmsmc.com

Dated: June 25, 2008

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SHOTWELL, LEONARD WAGNER
BARBARA KABETH, JAMES PERO,
CHARLES YOUNG, GARY LOCKHART,
ROBERT MOORE, and JOSEPH DANIELS
on behalf of themselves and a class
of persons similarly situated,

      Plaintiffs,

v.

OWENS CORNING, a Delaware corporation,

      Defendant.

_____/

Case No. 2:07-cv-13673

Hon. Marianne O. Battani

**CLASS ACTION**

| | |
|---|---|
| Roger J. McClow (P27170)<br>Kimberly A. Saks (P70705)<br>KLIMIST, McKNIGHT, SALE,<br>  McCLOW & CANZANO, P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | Craig M. Stanley (P58714)<br>BUTZEL LONG<br>150 West Jefferson, Suite 100<br>Detroit, Michigan 48226<br>(313) 225-7000 |
| Attorneys for Plaintiffs | Attorneys for Defendant |

_____/

**MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

# **TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ............................................. 1

     A.   Introduction ................................................. 1

     B.   The Proposed Class ......................................... 2

     C.   The Individual Plaintiffs and Proposed Class Representatives .............. 2

II.  ARGUMENT .................................................... 3

     A.   This Action Meets All Prerequisites For a Class Action. ................. 4

          1.   Joinder of All Members is Impracticable. ......................... 4

          2.   There are Questions of Law and Fact Common
               to the Class. ......................................... 5

          3.   The Claims of the Class Representatives are Typical
               of the Class. ........................................ 7

          4.   The Plaintiffs Will Adequately Protect the Interests
               of the Class. ........................................ 8

     B.   The Class Action Should Be Certified Under Rule 23(b)(1) or (2). .......... 9

          1.   Rule 23(b)(1) .......................................... 10

          2.   Rule 23(b)(2). ......................................... 10

III. CONCLUSION ................................................. 11

# TABLE OF AUTHORITIES

*CASES*

*Advertising Specialty National Association v. F.T.C.,*
238 F.2d 108 (1st Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Allen v. Isaac,*
99 F.R.D. 45 (N.D. Ill. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 11

*Berman v. Narragansett Racing Association,*
414 F.2d 311 (5th Cir. 1969), *cert. denied*, 396 U.S. 1037 (1970) . . . . . . . . . . . . . . . . . . . . . . . 9

*Bittinger v. Tecumseh Products Co.,*
123 F.3d 877 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Coleman v. McLaren,*
98 F.R.D. 638 (N.D. Ill. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Davis v. Weir,*
497 F.2d 139 (5th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*DeMarco v. Edens,*
390 F.2d 836 (2d Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Detroit Edison la Fuente v. Stokely-Van Camp, Inc.,*
713 F.2d 225 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Eisen v. Carlisle & Jacquelin,*
391 F.2d 555 (2d Cir. 1968), *vacated and remanded on other grounds*, 417 U.S. 156 (1974) . . 9

*Fallick v. Nationwide Mutual Ins. Co.,*
162 F.3d 410 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fidelis Corp. v. Litton Industries, Inc.,*
293 F. Supp. 164 (S.D. N.Y. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fox v. Massey-Ferguson, Inc.,*
175 F.R.D. 653 (E.D. Mich. 1995), *aff'd* 91 F.3d 143 (6th Cir. 1996) . . . . . . . . . . . 6, 8, 10, 11

*Frankford Hospital v. Blue Cross of Greater Philadelphia,*
67 F.R.D. 643 (E.D. Pa. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gaspar v. Linvatec Corp.,*
167 F.R.D. 51 (N.D. Ill. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gentry v. C&D Oil Co.,*
  102 F.R.D. 490 (W.D. Ark. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gilbert v. Doehler-Jarvis, Inc.,*
  87 F. Supp.2d 788 (N.D. Ohio 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Golden v. Kelsey-Hayes Co.,*
  854 F. Supp. 410 (E.D. Mich. 1994), *aff'd* 73 F.3d 648 (6th Cir. 1996) . . . . . . . . . . . . . . . 9

*Golden v. Kelsey-Hayes Co.,*
  954 F. Supp. 1173 (E.D. Mich. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Goldstein v. North Jersey Trust Co.,*
  39 F.R.D. 363 (S.D. N.Y. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Haywood v. Barnes,*
  109 F.R.D. 568 (E.D. N.C. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hoxworth v. Blinder, Robinson & Co., Inc.,*
  980 F.2d 912 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re American Medical Systems, Inc.,*
  75 F.3d 1069 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Inmates of the Attica Correctional Facility v. Rockefeller,*
  453 F.2d 12 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kaplan v. Pomerantz,*
  131 F.R.D. 118 (N.D. Ill. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kerns v. Caterpillar, Inc.,*
  No. 3:06-01113  (N.D. Tenn. July 12, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Majeski v. Balcor Entertainment Co.,*
  134 F.R.D. 240 (E.D. Wis. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Mamula v. Satralloy, Inc.,*
  578 F. Supp. 563 (S.D. Ohio 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McGlothlin v. Connors,*
  142 F.R.D. 626 (W.D. Va. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Moore v. Rohm & Haas* Co.,
  No. 03-1342 (N.D. Ohio, Nov. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mungin v. Florida East Coast Railway Co.*,
318 F. Supp. 720 (M.D. Fla. 1970), *aff'd*,
411 F.2d 728 (5th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Philadelphia Electric Co. v. Anaconda American Brass Co.*,
43 F.R.D. 452 (E.D. Pa. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Redhail v. Zablocki*,
418 F. Supp. 1061 (E.D. Wis. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Reese v. CNH America LLC*,
227 F.R.D. 483 (E.D. Mich. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 10

*Reese v. CNH America LLC*,
2007 WL 2494989 (E.D. Mich., Aug. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reynolds v. National Football League*,
584 F.2d 280 (8th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Robertson v. National Basketball Association*,
556 F.2d 682 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rodriguez by Rodriguez v. Berrybrook Farms, Inc.*,
672 F. Supp. 1009 (W.D. Mich. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

*Senter v. General Motors Corp.*,
532 F.2d 511 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976) . . . . . . . . . . . . . . . 6, 7, 8

*Singleton v. Drew*, 485 F. Supp. 1020 (E.D. Wis. 1980) . . . . . . . . . . . . . . . . . . . . . . 5

*Smith v. General Motors Corp.*,
14 F.E.P. Cases 987 (E.D. Mich. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

*Susman v. Lincoln American Corp.*,
561 F.2d 86 (7th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Trull v. Dayco Products, L.L.C.*,
214 F.R.D. 394 (W.D.N.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*UAW v. Yard-Man, Inc.*,
716 F.2d 1476 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wetzel v. Liberty Mutual Insurance Co.*,
508 F.2d 239 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Yolton v. El Paso Tennessee Pipeline Co.,*
No. 02-71564 (E.D. Mich., Sept. 3, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yolton v. El Paso Tennessee Pipeline Co.,*
318 F. Supp.2d 455 (E.D. Mich. 2003), *aff'd* 435 F.3d 571 (6th Cir. 2006) . . . . . . . . . . . . . . 8

*Yolton v. El Paso Tennessee Pipeline Co.,*
02-75164 (E.D. Mich., March 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATUTES

Labor Management Relations Act,
     Section 301, 29 U.S.C. §185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Employee Retirement Income Security Act,
     Section 502, 29 U.S.C. §1132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## COURT RULES

Federal Rules of Civil Procedure
     Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## I.     FACTUAL BACKGROUND

### A.     Introduction

Plaintiffs assert that Defendant Owens Corning is obligated to provide lifetime, fully paid health care benefits for bargaining unit retirees, and for the surviving spouses of those retirees, from Defendant's Wolverine Coil facility in Lincoln Park, Michigan.

Wolverine Coil was a party to successive collective bargaining agreements with the UAW that provided for health care benefits for retirees. These agreements also provided that Defendant would provide fully paid health care benefits for surviving spouses of employees who retired on or after May 1, 1995. When Defendant closed the Lincoln Park facility in 1999, Defendant and the UAW entered into a Plant Closing Agreement which provided that Defendant would provide lifetime health care benefits for retirees and the eligible surviving spouses at the levels set forth in the current collective bargaining agreement.

The retiree members of the proposed Class, when they were active employees, were bargaining unit members whose terms and conditions of employment were governed by the collective bargaining agreements between Wolverine Coil and the UAW.

Effective January 1, 2004, Defendant modified the level of health care benefits it provided to retirees and surviving spouses. Among the modifications were deductibles and co insurance payments or increased co insurance payments for network services; increased deductibles, out-of-pocket maximums and co insurance payments for non network services; increased prescription drug co pays; and a lifetime maximum benefit. (*See* Ex. A, Shotwell Affidavit, ¶13-14).

On August 28, 2007, the individual Plaintiffs filed a Complaint on behalf of themselves and a Class of persons similarly situated, alleging breach of successive collective bargaining agreements and the plant closing agreement. Plaintiffs brought this action under Section 301 of the Labor

Management Relations Act (LMRA), 29 U.S.C. §185, and under Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132. In essence, Plaintiffs claim that the Defendant is obligated by the terms of the agreements to provide fully paid health care benefits for the duration of the lives of the retirees and for eligible surviving spouses.

**B.      The Proposed Class**

Plaintiffs seek certification of the following proposed Class of approximately 35 hourly retirees, dependent spouses and existing and potentially eligible surviving spouses of retirees from Defendant's Wolverine Coil facility in Lincoln Park, Michigan:

> Group 1 - Retirees who are former production and maintenance employees of Wolverine Coil at its Lincoln Park, Michigan facility who were employed under the collective bargaining agreement between Wolverine Coil and the UAW and who retired under the hourly employee pension plan.

> Group 2 - Spouses of a Retiree who retired on or after May 1, 1995 and their eligible dependent children.

**C.      The Individual Plaintiffs and Proposed Class Representatives**

The individual Plaintiffs, whose Affidavits are attached, are members of the proposed Class and are each affected by Defendant's modification of health care benefits.

Plaintiff Robert Shotwell resides at ▮▮▮ Applewood Avenue, Lincoln Park, MI 48146. He retired from employment with Wolverine Coil on July 1, 1999 and, as an employee, was represented in collective bargaining by the UAW. He is 65 years old and is married to Judy Shotwell. (Ex. A)

Plaintiff Leonard Wagner resides at ▮▮▮ Mayfair, Trenton, MI 48183. He retired from employment with Wolverine Coil on a disability retirement. As an employee, he was represented in collective bargaining by the UAW. Mr. Wagner is 57 years old and is not married. (Ex. B)

Plaintiff Barbara Kabeth resides at ▮▮▮ Eton, Dearborn Heights, MI 48125. She is the surviving spouse of Richard Kabeth who retired from employment with Wolverine Coil on August

2

1, 1999 and who was, as an employee, represented in collective bargaining by the UAW. Ms. Kabeth is 61 years old. (Ex. C)

Plaintiff James Pero resides at ███ W. Jefferson, Lot ███, Trenton, MI 48183. He retired from employment with Wolverine Coil on July 1, 1999 and, as an employee, was represented in collective bargaining by the UAW. He is 71 years old and is not married. (Ex. D)

Plaintiff Charles Young resides at ███Marquette Street, Apt. ██, Westland, MI 48185. He retired from employment with Wolverine Coil in 1990 and, as an employee, was represented in collective bargaining by the UAW. He is 83 years old and is married to Lilus Young. (Ex. E).

Plaintiff Gary Lockhart resides at ███ Overbrook Dr., Apt. ██, Southgate, MI 48195. He retired from employment with Wolverine Coil on December 1, 1994 and, as an employee, was represented in collective bargaining by the UAW. He is 57 years old and is not married. (Ex. F).

Plaintiff Robert Moore resides at ███ Jobin, Southgate, MI 48195. He retired from employment with Wolverine Coil on May 1, 1998 and, as an employee, was represented in collective bargaining by the UAW. He is 79 years old and is married to Jane Moore. (Ex. G).

Plaintiff Joseph Daniels resides at ███ Lafayette, Lincoln Park, MI 48146. He retired from employment with Wolverine Coil on April 1, 1998 and, as an employee, was represented in collective bargaining by the UAW. He is 68 years old and is married to Arlene Daniels. (Ex.H).

## II.   ARGUMENT

### A.   This Action Meets All Prerequisites For a Class Action.

Rule 23(a) of the Federal Rules of Civil Procedure has four prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The Class proposed here meets all of these requirements.

### 1.   Joinder of All Class Members is Impracticable.

The numerosity requirement of Rule 23(a) requires that joinder be impracticable, but this does not mean "impossible." The requirement is satisfied by showing that joinder would be difficult or inconvenient. *Advertising Specialty National Association v. F.T.C.*, 238 F.2d 108, 119 (1st Cir. 1956); *Rodriguez by Rodriguez v. Berrybrook Farms, Inc.*, 672 F. Supp. 1009, 1013 (W.D. Mich. 1987); *Allen v. Isaac*, 99 F.R.D. 45, 53 (N.D. Ill. 1983); *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 367 (S.D. N.Y. 1966) ("the court concludes that the meaning to be ascribed to the word 'impracticable,' as used in Fed.R.Civ.P. 23(a)(1), should be 'impractical,' 'unwise' or 'imprudent' rather than 'incapable of being performed' or 'infeasible.'").

No particular number has been set as the point at which the numerosity requirement is met. *See e.g. DeMarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968); *Rodriguez*, 672 F. Supp. at 1013. In *Smith v. General Motors Corp.*, 14 F.E.P. Cases 987, 991 (E.D. Mich. 1977), the Court stated that thirty-five is often the standard:

> Although each case must be decided on its own facts, proposed classes with over thirty-five members have normally been certified providing that the other requirements for certification have been met.

4

*See also Singleton v. Drew*, 485 F. Supp. 1020 (E.D. Wis. 1980) (class of approximately 50 members); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D. Pa. 1968)(proposed class of 25 satisfies numerosity requirement); *Fidelis Corp. v. Litton Industries, Inc.*, 293 F. Supp. 164 (S.D. N.Y. 1968) (35-70 claimants). Here, the proposed Class consists of approximately 45 retirees, dependent spouses, surviving spouses and potential surviving spouses.

While the number of potential class members is fairly low, joinder is impracticable because many of the retirees and spouses are elderly. Some retirees live outside Michigan. The retirees live on fixed incomes and may not be able or willing to intervene in this lawsuit. Further, they are participants in the same group insurance plan and their claims arise from exactly the same collectively bargained agreements. Declaratory relief declaring their future entitlement to benefits should be provided to all of the retirees and spouses and that can most readily be accomplished if all retirees and surviving spouses are covered by this action. Given these facts, *see Gaspar v. Linvatec Corp.*, 167 F.R.D. 51 (N.D. Ill. 1996); *Rodriguez*, 672 F. Supp. at 1013; *Gentry v. C & D Oil Co.*, 102 F.R.D. 490, 493 (W.D. Ark. 1984); *Allen v. Isaac*, 99 F.R.D. at 49, the numerosity requirement of Rule 23(a)(1) is satisfied.

### 2.      There are Questions of Law and Fact Common to the Class.

"The commonality requirement [of Rule 23(a)(2)] 'simply requires *a* common question of law or fact." *Reese v. CNH America LLC*, 227 F.R.D. 483, 487 (E.D. Mich. 2005) (*quoting Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 884 (6th Cir. 1997). Rule 23(a)(2) requires that class members have either questions of law or fact in common, but it does not require both, and it does not require that all questions of law or fact be common. *Fallick v. Nationwide Mutual Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998); *Bittinger*, 123 F.3d at 884 (common question of whether the original collective bargaining agreement guaranteed lifetime benefits is sufficient); *Smith*, 14 F.E.P. Cases

5

at 991-992 ("Factual identity between the plaintiff's claims and those of the class he seeks to represent is not necessary." (quoting *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976)).

Here, the commonality requirement is fully satisfied. Owens Corning modified health benefits for all retirees and eligible surviving spouses in the proposed Class at the same time in the same manner. The proposed class members are all claiming rights to continuing fully paid lifetime health care benefits arising from promises contained in common collective bargaining agreements. Many of the most important factual and legal bases for resolving the underlying dispute are shared by all members of the Class. For example, the dispositive issue of whether the plant closing agreement provides for fully paid lifetime insurance benefits is common to the resolution of the claims of all class members. The federal common law under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, will determine whether the benefits are vested for all class members. *See UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983). The relief sought, declaratory and injunctive relief and damages, is common to all class members. *Inmates of the Attica Correctional Facility v. Rockefeller*, 453 F.2d 12, 24 (2d Cir. 1971).

Courts have consistently recognized that claims by retirees relating to retiree health insurance are appropriate for class action treatment under Rule 23. *See e.g. Moore v. Rohm & Haas Co.*, No. 03-1342 (N.D. Ohio, Nov. 19, 2007) (Ex. I); *Kerns v. Caterpillar, Inc.*, No. 3:06-01113 (N.D. Tenn. July 12, 2007) (Ex. J); *Reese v. CNH America LLC, supra*; *Yolton v. El Paso Tennessee Pipeline Co.*, No. 02-71564 (E.D. Mich. Sept. 3, 2004) (Ex. K); *Fox v. Massey-Ferguson*, 172 F.R.D. 653, 660-65 (E.D. Mich. 1995); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 570-71 (S.D. Ohio 1983).

Because many of the controlling questions of law *and* fact here are common to the members of the proposed Class, the requirements of Rule 23(a)(2) are met.

6

### 3.    The Claims of the Class Representatives are Typical of the Class.

The typicality requirement of Rule 23(a)(3) is satisfied where the representative is a member of the class and shares at least a common element of fact or law with the class. *Senter*, 532 F.2d at 525; *Reese*, 227 F.R.D. at 487; *Smith*, 14 F.E.P. at 992. Like the test for commonality, the typicality test is not demanding. *Bittinger*, 123 F.3d at 884; *Reese*, 227 F.R.D. at 487.

As Judge Duggan stated in *Reese*, there is typicality when the injury to the named plaintiffs arises from or is directly related to a wrong to the class. *Id. (citing In re American Medical Systems, Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). This is true even if some members of the class have suffered varying levels of injury or are subject to different defenses. *Bittinger*, 123 F.3d at 884-85.

Judge Hart of the Northern District of Illinois has explained, "[t]ypicality does not require that the claims or defenses of the class representative be identical or perfectly coextensive with the claims or defenses of the members; substantial similarity is satisfactory." *Allen v. Isaac*, 99 F.R.D. at 54. *See also Frankford Hospital v. Blue Cross of Greater Philadelphia*, 67 F.R.D. 643 (E.D. Pa. 1975); *Detroit Edison la Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) ("similarity of legal theory may control even in the face of differences of fact."); *Trull v. Dayco Products, L.L.C.*, 214 F.R.D. at 402; *Majeski v. Balcor Entertainment Co.*, 134 F.R.D. 240, 244-46 (E.D. Wis. 1991) ("Typicality . . . does not require the named plaintiff to be in the identical situation as every member of the class."); *Coleman v. McLaren*, 98 F.R.D. 638, 654 (N.D. Ill. 1983).

Here, the claims of the individual Plaintiffs are clearly typical of those of the Class. Each individual Plaintiff (and each potential class member) claims rights to fully paid health care benefits under the collectively bargained plant closing agreement. All are seeking rights to continuing fully-paid lifetime health care benefits promised by the Defendant. Their claims are typical of the claims of the other members of the proposed Class.

7

### 4. The Plaintiffs Will Adequately Protect the Interests of the Class.

The adequacy of class representation is measured by: (1) the qualifications of Plaintiffs' attorneys; and (2) the extent to which the named Plaintiffs' interests may be antagonistic to those of the class. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992); *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977); *Senter*, 532 F.2d at 524-25; *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *Majeski v. Balcor Entertainment Co.*, 134 F.R.D. at 248; *Kaplan v. Pomerantz*, 131 F.R.D. 118, 121 (N.D. Ill. 1990); *Rodriguez*, 672 F. Supp. at 1017; *Allen*, 99 F.R.D. at 55. Here, Plaintiffs have agreed to represent the Class and have instituted and prosecuted this action. They will adequately represent the Class.

In certifying a class, the Court must also appoint class counsel. In doing so the Court must consider several factors set forth in Rule 23(g)(1)(A), including the work counsel has done on identifying or investigating the potential claims; counsel's experience in handling class actions and the claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Rule 23(g)(1)(B) permits the Court to consider any other pertinent matter that may affect counsel's ability to fairly and adequately represent the class.

Plaintiffs here have retained counsel who are well qualified and will adequately represent the Class. Plaintiffs' counsel Roger J. McClow has litigated class action retiree health care lawsuits with the following results: *Yolton v. El Paso Tennessee Pipeline Co.*, 02-75164 (E.D. Mich., March 7, 2008) (summary judgment)(Ex. L); *Reese v. CNH America LLC*, 2007 WL 2494989 (E.D. Mich., Aug. 29, 2007) (summary judgment)(Ex. M); *Yolton v. El Paso Tennessee Pipeline Co.*, 318 F. Supp.2d 455 (E.D. Mich. 2003), *aff'd* 435 F.3d 571 (6th Cir. 2006)(preliminary injunction); *Gilbert v. Doehler-Jarvis, Inc.*, 87 F. Supp.2d 788 (N.D. Ohio 2000)(summary judgment); *Golden v. Kelsey-Hayes Co.*, 954 F. Supp. 1173 (E.D. Mich. 1997)(summary judgment); *Fox v. Massey-Ferguson,*

8

2:07-cv-13673-MOB-VMM   Doc # 7   Filed 06/25/08   Pg 18 of 21   Pg ID 45

*Inc.*, 175 F.R.D. 653 (E.D. Mich. 1995), *aff'd* 91 F.3d 143 (6th Cir. 1996)(preliminary injunction);

*Golden v. Kelsey-Hayes Co.*, 854 F. Supp. 410 (E.D. Mich. 1994), *aff'd* 73 F.3d 648 (6th Cir. 1996)

(preliminary injunction).  Class Counsel has been appointed as class counsel in several other class

actions as well. (Ex. N, Affidavit of Roger J. McClow).  Plaintiffs' counsel will fairly and adequately

represent the interests of the Class.

Moreover, there is no conflict of interest between the named Plaintiffs and the members of

the Class.  Their claims and injuries are the same.  In the absence of conflicts which go to the subject

matter of the lawsuit, class certification is appropriate.  *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555,

563 (2d Cir. 1968).  *See also Berman v. Narragansett Racing Association*, 414 F.2d 311 (5th  Cir.

1969), *cert. denied*, 396 U.S. 1037 (1970).  The burden is on the defendant "to establish inadequate

representation." *McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992)(citing *Haywood v. Barnes*,

109 F.R.D. 568, 579 (E.D. N.C. 1986).

The individual Plaintiffs will fairly and adequately protect the interests of the Class.  The

final requirement of Rule 23(a) is satisfied.

**B.      The Class Action Should Be Certified Under Rule 23(b)(1) or (2)**.

A proposed class action, having met the requirements of Rule 23(a), must then meet one of

the three criteria set out in Rule 23(b).  Certification under Rule 23(b)(1) or (2) is favored by the

courts. *Mungin v. Florida East Coast Railway Co.*, 318 F. Supp. 720, 730 (M.D. Fla. 1970), *affirmed

per curiam*, 411 F.2d 728 (5th  Cir. 1971).  The facts here mandate class certification under either

subsection (b)(1) or (b)(2).

### 1.    Rule 23(b)(1)

Rule 23(b)(1) provides that an action may be maintained as a class action if the above four requirements of Rule 23(a) are met *and* if the prosecution of separate actions by or against individual members of the class would create a risk of either one of the following:

(A)    inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

(B)    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Here, the Defendant modified health care benefits for every member of the proposed Class. If this action were not to proceed as a class action, many individual lawsuits may be filed to challenge the modification of fully paid benefits. Varying decisions, at odds with one another, could result. For example, the Defendant could be required to continue paying the full cost of insurance for some retirees and not for others, even though they might well be prohibited by ERISA from treating retirees differently from one another. This is the result Rule 23(b)(1) is intended to avoid. *Reynolds v. National Football League*, 584 F.2d 280 (8th Cir. 1978); *Robertson v. National Basketball Association*, 556 F.2d 682 (2d Cir. 1977); *Fox*, 172 F.R.D. at 665; *Reese*, 227 F.R.D. at 489. "Moreover, adjudications with respect to individual members could substantially impair the interests of those persons who are not parties to the suit." *Fox*, 175 F.R.D. at 665.

Accordingly, the controversy here is readily maintainable under subsection (b)(1).

### 2.    Rule 23(b)(2).

Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, making final injunctive relief or

10

corresponding declaratory relief appropriate respecting the class as a whole." *Reese v. CNH America,*
*supra,* 227 F.R.D. at 489. The test of subsection (b)(2) rests upon the defendant's conduct being
applicable to the class as a whole. *Davis v. Weir,* 497 F.2d 139 (5th Cir. 1974); *Allen,* 99 F.R.D. at
56. That test is clearly met here.

Here, Owens Corning modified benefits for all class members at the same time in the same
manner. If the Court determines that Defendant is obligated to provide the Class with the same
lifetime health care benefits, then final injunctive relief and corresponding declaratory relief is
clearly appropriate. *Reese,* 227 F.R.D. at 489; *Fox,* 172 F.R.D. at 665. Class certification is
appropriate under Rule 23(b)(2), as well as under Rule 23(b)(1).

## III.   CONCLUSION

For the reasons stated, the named Plaintiffs respectfully request that this Court enter an order
certifying this case as a class action for the Class identified above and appointing Class Counsel.

<div style="margin-left:40%">

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:   /s/ Roger J. McClow
   Roger J. McClow (P27170)
   Kimberly A. Saks (P70705)
   Attorneys for Plaintiffs
   400 Galleria Officentre, Suite 117
   Southfield, MI  48034
   (248) 354-9650
   rmcclow@kmsmc.com
   ksaks@kmsmc.com

</div>

Dated:  June 25, 2008

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, I electronically filed Plaintiffs' Motion for Class Certification with the Clerk of the Court using the ECF system.

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By: _/s/ Roger J. McClow_____
Roger J. McClow (P27170)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650    Fax: (248) 354-9650
Email: rmcclow@kmsmc.com

Dated: June 25, 2008

P:\UAW\International\Wolverine Coil (Owens Corning)\Pleadings\motion for class cert 080519.wpd

12